## Poor Directors *versus* M'Fadden.

1. A plaintiff may sustain covenant on a sealed instrument, although it be so defectively executed on his part, that only assumpsit can be maintained against him.

ERROR to the Court of Common Pleas of *Crawford county*.

By the Act of Assembly of April 15, 1851, the county commissioners of Crawford county, for the time being, and their successors in office, or any two of them, were constituted a board of directors of the poor and of the house of employment, in the county of Crawford, and, as such, created a body politic and corporate, to sue and be sued, by the name, style, and title of " The Directors of the Poor and of the House of Employment, in the County of Crawford," and by that name authorized to erect suitable buildings for the reception, use, and accommodation of the poor of said county.

In pursuance of this authority, a contract was entered into by J. L. Henry and J. D. M'Entire, two of the commissioners, with James A. M'Fadden and Joseph Bolliet, to erect such buildings. This contract was in writing, signed and sealed by M'Fadden and Bolliet, and signed by the two commissioners, and sealed with a scrawled seal. The commissioners, as directors of the poor, had no seal. There were endorsements of payments on the contract, to the amount of $2787.

This action of covenant was instituted by plaintiffs on the 26th day of July, 1853, to recover damages for non-performance by defendants, the covenantors, according to the terms and stipulations of the contract or agreement. The plaintiffs declared upon

the contract, as one entered into between the plaintiffs and defendants, and averred that by it "the said defendants did covenant and agree, to and with said plaintiffs, to build," &c.; and preceding the averment of the breach of the covenants by defendants, used this language: "And although the said plaintiffs have well and truly performed and fulfilled all and singular the covenants and agreements in the said articles of agreement mentioned on their part and behalf to be done and performed;" and in a second count averred like general performance on part of plaintiffs; and also made profert of the articles of agreement thus, "which said articles of agreement, *sealed with the seals of the said defendants,* the said plaintiffs now bring here into court, the date whereof is," &c.

To this declaration, the defendants pleaded "non-performance of covenants on part of plaintiffs, and covenants performed *absque hoc,* and *non est factum.*"

On the trial, the plaintiffs proved the execution of the articles of agreement by defendants, and offered to read it in evidence to the jury; to which the defendants objected, on the ground that it did not appear to have been sealed and executed by the plaintiffs; was not their deed, and did not sustain the action, because it was not the deed set forth in plaintiffs' declaration. This objection was sustained by the court, (GALBRAITH, P.,) and the evidence rejected; which rejection of evidence is the error complained of.

*Church* and *Derickson,* for plaintiffs in error, contended, that the plaintiffs, if not covenantors, were covenantees, and, as such, could maintain this action of covenant, although they only could be sued in assumpsit; and referred to *De Bolle* v. *Pa. Ins. Co.,* 2 Wh. 68, 71, 72; *Dauphin Co.* v. *Bridenhart,* 4 H. 458; *Randell* v. *Van Vechten,* 19 Johns. 60, 64; *Olney* v. *Wickes,* 18 Johns. 122; *Mac Beath* v. *Haldimond,* 1 T. R. 180–182; *Hodgson* v. *Dexter,* 1 Cranch, 345; *Unwin* v. *Walsey,* 1 T. R. 674, 678; *Vernon et al.* v. *Jeffreys,* 2 Stra. 1133; *Petrie* v. *Bury,* 10 Eng. C. L. R. 108; *Turnpike* v. *Myers,* 6 S. & R. 16; *Hopkins* v. *Mehaffey,* 11 S. & R. 128; *Bellas* v. *Hays,* 5 S. & R. 426; *Bank* v. *Gutschlick,* 14 Pet. 27; *School Directors* v. *M'Bride,* 10 H. 215; *Cooper & Grove* v. *Lampeter Township,* 8 W. 128; *Park* v. *Ross,* 11 How. 374; *P. W. & R. R. R. Co.* v. *Howard,* 13 How. 337.

*Farrelly* and *Finney,* for defendants in error, argued, that where covenants are *inter partes,* or mutual and dependant, both parties must seal the instrument. When the covenants are independent, it is sufficient that the party bound seals. These principles are established by numerous authorities. In *Hays* v. *Bel-*

[Fullerton *v.* M'Arthur.]

*lows,* 5 S. & R. 427, the agreement was sealed by Hugh Bellows and Henry L. Clark, who were described in the body of the instrument, as James Hays by his agent, Henry L. Clark, of the one part, and Hugh Bellows of the other part. The court in that case decided, that covenant did not lie by Hays against Bellows, because the covenants being mutual, the remedy must be mutual also. The court say : " An imperfect specialty contract may be so ratified by parol as to give an action of assumpsit, but here mutuality of remedy upon the same instrument is the essential matter. Relative covenants are void whenever the matter to which they relate, and on which they depend, cannot by the deed take effect." The mutual remedies, therefore, must be of the same kind ; and if James A. M'Fadden and Joseph Bolliet could not have maintained covenant upon the agreement against the plaintiffs, neither can the corporation against them. The same principle respecting relative and dependant covenants, is ruled in *Wade & Merwin,* 11 Pickering, 280.

The opinion was delivered October 22, 1855.

PER CURIAM.—This is the defendants' covenant, and that is all that it is alleged to be. It is not void because of its defective execution, as a covenant, by the plaintiffs. They may sue on it in covenant, though possibly a suit upon it against them might need to be in assumpsit. This is sufficiently shown in *School Directors* v. *M'Bride,* 22 State R. 215. It is properly alleged to be a covenant by defendants with the plaintiffs. This is all that we are asked to decide.

Judgment reversed and new trial awarded, and<br>record remitted.