## Hopkins et al. v. Everly, Appellant.

*Agency—Authority—Ratification—Settlement with principal—Release.*

An agent who makes a contract in excess of his authority and by which his principal refuses to be bound, is personally liable for any damages resulting to the other party to the contract. But where the principal, instead of repudiating the agreement, ratifies the agreement in a manner and upon terms agreed to by the other party, such ratification is equivalent to antecedent authority in the agent and takes all question of his individual liability out of the case.

When an agent in his own name, but for a disclosed principal, makes a contract to sell real estate, with an agreement to give possession within a certain time, and this part of the agreement is in excess of his authority, a settlement by the purchasers with the principal in which the purchasers accept an allowance on account of failure to give possession within the time limited and take a deed for the property, will release the agent as well as the principal.

Argued March 25, 1892. Appeal, No. 122, Jan. T., 1892, from judgment of C. P. No. 1, Phila. Co., March T., 1889, No. 147, on verdict for plaintiffs, in assumpsit for damages for failure to give possession within the period limited by the contract of sale of real estate. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The facts appear by the opinion.

*Error assigned* was refusal of binding instructions for defendant.

*John G. Johnson,* with him *Frank P. Prichard,* for appellant.

*Edward H. Weil,* for appellees.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

The substance of this case lies in a very narrow compass. The appellant as agent for a disclosed principal sold to plaintiffs a house, with an agreement that possession should be given within ninety days. This latter agreement was in excess of his authority, and if his principal had refused to be bound by it, the agent would have been personally liable to the plaintiffs for any resulting damages: Kroeger v. Pitcairn, 101 Pa. 311. But appellant's principal instead of repudiating the agreement, first offered fairly to rescind if plaintiffs desired, and then ratified and carried out the agreement in a manner

and upon terms agreed to by plaintiffs. Such ratification was equivalent to an antecedent authority in the agent and took all question of his individual liability out of the case. If plaintiffs were not satisfied with the terms offered, they might have rejected them and stood upon their rights against appellant under the agreement. Then was their time to do so. When on the contrary they made a settlement with the owner, accepted an allowance on account of possession, and took the deed for the property, they merged the agreement to sell and all its terms, and put an end once for all to any further claim against the appellant as well as against his principal. On the undisputed facts as shown by the plaintiffs' own case the verdict should have been directed for the defendant.

Judgment reversed.