## Harper & Brother Co., Appellant, *v.* Jackson.

*Landlord and tenant—Agency—Eviction—Waiver—Right to damages.*

1. In an action of assumpsit to recover damages alleged to have been suffered by plaintiff as a result of its enforced removal from a property leased to it by the defendant, binding instructions for the defendant are proper where it appears that the defendant, purporting to act as agent for the several owners of a building, leased the fourth floor thereof to the plaintiff for a term of five years; that the written lease was signed by the defendant as agent for the owners, naming them, and the lessee went into possession; that after about two years the owners notified the plaintiff that the defendant had no written authority to execute the lease and demanded that the lessee should vacate the premises by a certain day; that the plaintiff did not remove on such day but two months later entered into a contract with the owners whereby it agreed, in consideration of the sum of one thousand dollars, to vacate by a month later, it further appearing that there was evidence sufficient to sustain a finding that one owner had expressly ratified the act of the defendant in executing the lease and that the defendant had acted in good faith.

2. In such a case the fact that plaintiff in his agreement to vacate the premises reserved the right to hold the defendant responsible for alleged damages sustained by him, is immaterial.

3. Where a tenant, not under compulsion, but voluntarily, abandons the premises, there is no eviction; if he continues to occupy the premises after the acts which constitute a constructive eviction, it is a waiver of eviction.

Argued January 9, 1913. Appeal, No, 275, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1910, No. 3161, on directed verdict for defendants in the case of Harper & Brother Company v. Joseph T. Jackson, trading as J. T. Jackson Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover damages for eviction. Before ORMEROD, J.

Opinion of the Supreme Court states the facts.

Verdict for the defendant by direction of the court and judgment thereon.

*Error assigned,* inter alia, was in directing the verdict for the defendant.

*Walter Biddle Saul,* for appellant.—The lease was not ratified: Dumn v. Rothermel, 112 Pa. 272; McClintock v. South Penn Oil Co., 146 Pa. 145.

*Harvey Gourley,* with him *John W. Brock, Jr.,* and *Henry S. Cattell,* for appellee.—There was no eviction: Hopkins v. Everly, 150 Pa. 117; Potter v. Moscony, 46 Pa. Superior Ct. 116; Kroeger v. Pitcairn, 101 Pa. 311; Hastings v. Burchfield, 28 Pa. Superior Ct. 309.

OPINION BY MR. JUSTICE MOSCHZISKER, April 21, 1913:

The plaintiff company brought this action in assumpsit against the defendant, Joseph T. Jackson, trading as Joseph T. Jackson & Co., to recover damages alleged to have been suffered as the result of its enforced removal from a property leased to it by the defendant. In June, 1908, Jackson, purporting to act as agent for the several owners of the Miles building, leased the fourth floor thereof to the plaintiff for a term of five years; the written lease was signed by Jackson & Co., as agent for the owners, naming them, and the lessee went into possession. In February, 1910, the owners notified the plaintiff that the defendant had no written authority to execute the lease and demanded that the lessee should vacate the premises on the thirtieth day of June, 1910. The plaintiff did not remove, but on August 29, 1910, entered into a contract with the owners whereby it agreed, in consideration of $1,000 received from the latter, to vacate on or before October 1, 1910. This writing stated, "It is distinctly understood and agreed that nothing in this agreement shall in anywise affect or

prejudice the right of Harper Brothers & Co., to recover damages from J. T. Jackson & Co. for entering into an unauthorized lease, and it is further distinctly agreed and understood that said Harper Brothers & Co. is not removing voluntarily." It appears from the evidence that the building in question had been inherited by a son and two daughters from their deceased father; that one of the owners, Mr. T. H. Miles, who was an executor of his father's estate and was active in the management of the property for his sisters, knew of the proposed lease to the plaintiff before its execution by Jackson; that he approved of the demise and directed the defendant to enter into it; further, that the rent was regularly paid thereunder and remitted by the defendant to Mr. Miles who distributed it among the several owners until February, 1910, when the latter notified the plaintiff to vacate; it likewise appeared that the defendant acted in good faith throughout the transaction. Binding instructions were given for the defendant and the plaintiff has appealed from the judgment entered upon the verdict.

Since the lease purported to create a tenancy for more than three years and the agent was without written authority to execute it, the estate created thereby was in its inception but a tenancy at will, and as against the common owners it never became more than an estate from year to year: McDowell v. Simpson, 3 Watts 129, 136. Under the Statute of Frauds in this State, in order to ratify the lease so as to give it the force and effect of a term of five years, the ratification would have to be · in writing: McDowell v. Simpson, supra; Dumn v. Rothermel, 112 Pa. 272, 281; Jennings v. McComb, 112 Pa. 518. Although the agent had no written authority to execute the demise, he had been orally directed to do so by Mr. Miles, who subsequently, on June 14, 1909, in writing, accepted the lease from the defendant with a written assignment to him, Miles, as "executor," endorsed thereon. If no more, this was sufficient to sustain a finding that one owner had expressly ratified the act of

the defendant in executing the lease, and entitled Harper Brothers & Co. to such possession as Mr. Miles himself could have given thereunder; hence, the plaintiff was in possession, at least, under color of title. The lessee was not defeated in an effort to defend its possession, nor did it vacate in pursuance of the notice to quit and rely upon the right to hold the defendant for a breach of an implied warranty of his authority to make the lease for the term stated therein; instead of so doing it remained in possession until August 29, 1910, and then entered into the written contract with the owners of the building to which we have already made reference. By the terms of this contract it was mutually agreed that the plaintiff might continue to occupy the leased property until October 1, 1910, and that it should receive the sum of $1,000, in consideration of which it was peaceably to surrender the entire premises at the expiration of the time specified; and this it accordingly did. "Where the tenant, not under compulsion, but voluntarily, abandons the premises, there is no eviction": 24 Cyc. 1130; and, "Where the tenant continues to occupy the premises after the acts which constitute a constructive eviction, it is a waiver of the eviction": 24 Cyc. 1134. The case comes down to this: the lessee, after a dispute arose concerning the validity of its possession, for a valuable consideration, entered into a voluntary contract with the owners whereby it surrendered what rights it had under the lease; the plaintiff has received the consideration contracted for and cannot now complain that it suffered a loss through the transaction (Hopkins v. Everly, 150 Pa. 117, 118). As to the statements in the contract that the plaintiff was not surrendering the premises voluntarily, and that it reserved the right to hold the defendant, we may say that the parties to that writing could not by the language used alter the essential character of the contract or thereby preserve a right against the defendant, who was not a party to their agreement; nor could the plaintiff in this way

affect the force of its subsequent act in vacating the property at the time agreed upon.

The assignment of error is overruled and the judgment is affirmed.