# King, Appellant, *v.* Myers.

*Landlord and tenant—Lease by executor—Power of sale—Written authority.*

A mere power of sale in a will does not give the executor power to lease real estate specifically devised by the will; if the executor executes a lease for more than three years without written authority from the devisees, the lease is void; and the acceptance of rent from the executor by the devisees will not be considered a ratification of the lease in the absence of a writing to that effect.

*Practice, C. P.—Amendment—Imposition of costs.*

Where a plaintiff at a trial asks permission to amend his statement, the trial judge in allowing the amendment, may impose as a condition that all the costs be paid by the plaintiff, if it appeared that through fault of the plaintiff there had been considerable delay in bringing the case to trial.

*Evidence—Cross-examination—Review.*

It is only in extreme cases where it is plain that the parties objecting to alleged improper cross-examination have been injured, that the appellate courts will reverse on such grounds.

*Landlord and tenant—Notice to quit—Authority of agent.*

Where the evidence is conflicting as to the authority of an agent to give a notice to quit, the question is for the jury.

*Landlord and tenant—Wrongful ejection—Damages.*

In an action of trespass by a tenant for an alleged wrongful ejection, if the record shows that the plaintiff had continued in possession until March 30, 1912, the court cannot be convicted of error in limiting recovery to the time subsequent to that date.

Argued Feb. 23, 1915.   Appeal, No. 10, Feb. T., 1915, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1912, No. 361, on verdict for defendants in case of A. W. King v. Abe Myers and Henry Myers, copartners, trading as Myers Brothers.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Trespass for a wrongful ejection.   Before WHITE-HEAD, P. J.

At the trial it appeared that the plaintiff sought to recover damages for the breach of a written lease which he alleged he had made with the predecessors in title of the defendants for a term beginning April 1, 1901, and ending April 1, 1911, and subsequently extended to April 1, 1914.   He proved that defendants had taken possession of the demised premises on February 1, 1912, and alleged that in so doing they had dispossessed him, and that he was entitled to recover damages for the remainder of his leasehold.

Both leases were made by H. L. Beck, who was one of the executors of John B. Beck, by whom the premises in question had been devised to his four children, of whom H. L. Beck was one.   The will appointed Margaret J. Smith and H. L. Beck executors, and gave them power to sell the premises in question, but did not give them any power to lease.

The defendants resisted the claim of the plaintiff on the ground that the alleged leases were void under the statute of frauds.

Other facts appear by the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings and instructions. .

*T. M. B. Hicks* and *W. D. Crocker,* with them, *C. E. Gilmore,* for appellant. Generally, when a party who has not put his name to a written contract, accepts it when signed and sealed by the other, it binds him the same as if he had executed it: Carnegie Natural Gas Co. v. Philadelphia Co., 158 Pa. 317; Jennings v. McComb, 112 Pa. 518.

It has always been permissible to prove both the fact of agency and also the extent and nature of the authority of the agent, by circumstantial evidence: Woodwell v. Brown, 44 Pa. 121; Valentine v. Packer, 5 Pa. 333; McKellip v. McIlhenny, 4 Watts 317.

Ratification may also be estopped: Dumn v. Rothermel, 112 Pa. 272; Whiting v. Pittsburgh Opera House Co., 88 Pa. 100; Heartzog v. Borgel, 7 Pa. Superior Ct. 257; Farley v. Stokes, 1 Parson's Equity Cases 422.

The amendment was of right, under the Act of 21 March, 1806, Section 6, 4 Sm. 329, 1 Purd. Dig. 309. The only condition which this statute permits the court to impose upon such an amendment, is the right of the adverse party if taken by surprise to a continuance until the next court.

It is error to permit the defendant to introduce a matter of defense on the cross-examination of the plaintiff or his witnesses: Malone v. Dougherty, 79 Pa. 46, 51; Dennison v. Philadelphia Co., 161 Pa. 41; Hughes v. Westmoreland Coal Co., 104 Pa. 207.

A notice to the plaintiff to quit, in other words, a termination of his tenancy, could properly come only from his landlords.

*Otto G. Kaupp* and *Max L. Mitchell,* for appellees.

It is a well settled principle of law that authority to lease is not to be inferred from a mere power to collect rents for the landlord.

A lease of an agent in excess of authority, either parol or written, may be ratified, but the ratification to create a valid term for more than three years must be in writing: McDowell v. Simpson, 3 Watts 129; McClintick v. South Penn Oil Co., 146 Pa. 144; Dumn v. Rothermel, 112 Pa. 272; Harper & Brother Co. v. Jackson, 240 Pa. 312; Heartzog v. Borgel, 7 Pa. Superior Ct. 257; Nicholson v. Mifflin, 2 Dall. 246; Twitchell v. Philadelphia, 33 Pa. 212.

OPINION BY TREXLER, J., July 21, 1915:

H. L. Beck as executor under the will of John D. Beck leased certain office rooms to A. W. King for a period of one year with the privilege of renewing the lease for a period not exceeding ten years at the same rental. He subsequently, as executor in consideration of King making certain improvements, gave the privilege of renewal for three additional years. Both the above leases were in writing. In the will of the decedent, H. L. Beck and Margaret Smith were appointed executors with authority to sell at public or private sale at their discretion, the real estate. There was also a devise of all decedent's real estate to his four children, the above H. L. Beck and Margaret Smith being two of them. There was no power given to lease and the power to sell had never been exercised and the title of the premises was thus in the four children. The bare power to sell did not impart the right to lease: Pierce v. Pierce, 195 Pa. 417. No written authority had been given by the other owners to Beck to lease the premises. The lease being for more than three years was contrary to the statute of Frauds & Perjuries and therefore a lease at will only. The Act of March 21, 1772, Sec. 1, 1 Sm. 389; 2 Stewart's Purdon, 1753, provides that all leases exceeding the term of three years from the making of

them when not put in writing and signed by the parties or other agents "thereunto lawfully authorized by writing" shall have the force and effect of leases at will only.   The plaintiff sought on the trial to sustain the lease by an inference from the facts that Beck had been authorized in writing to lease the premises and that the other owners had ratified the lease.   It will be observed that the lease itself and its supplement do not purpose to have been made by Beck as agent for the other owners.   He signed both leases as executor.   The authority to make them must be found in the will and as we have remarked before, none exists.   It is evident that both parties to the lease made the mistake in that they regarded Beck as clothed with authority under the will to make the lease.   There was no proof offered at the trial which would allow an inference to be drawn as to the existence of written authority to lease having ever been given.   If such written authority were in existence, its production would be necessary as being the best evidence of its contents, and, if lost, its contents could be proven: Irwin v. Irwin, 34 Pa. 525.

As to the ratification of the other owners of the acts of Beck, it appears that Beck, as executor, accounted from time to time to the other heirs for the rents received.   It is claimed that this was a ratification of the acts of Beck, an assent upon the part of the other heirs to the lease, citing: Duncan v. Hartman, 143 Pa. 595. In that case, however, there had been written authority given to the agent and the question was as to the extent of the authority and the construction put upon the writing by the parties themselves by their course of conduct, the language employed in the writing being in the language of the court, "very general and very vague."   The acceptance of rent upon such circumstances was held to be a ratification of the act of the agent in making the grant.   That case is distinguished from the present, because the original authority given to the agent was in writing while in the case before us, there was none.

When a lease has been made beyond the term fixed by the Act of 1772, the owner may ratify the act of the agent, but the ratification must be in writing: McDowell v. Simpson, 3 Watts 129; Dumn v. Rothermel, 112 Pa. 272; Jennings v. McComb, 112 Pa. 518; Harper Bro. & Co. v. Jackson, 240 Pa. 312. The cases of McKillip v. McIllhaney, 4 Watts 317; Cumberland Valley R. R. Co. v. McLanahan, 59 Pa. 23, cited by appellant, do not apply. Those were cases of easements or licenses which do not fall under the provision of the Act of 1772.

At the trial plaintiff averred that he had mistakenly declared on a lease for ten years instead of eleven and asked leave to amend by changing the allegation as to the length of the term so as to conform with the fact. The defendant objected and stated that if the amendment were allowed, he would ask for a continuance and that the costs, in that event, should be placed on the plaintiff. The trial judge allowed the amendment and stated he would continue the case but in view of the fact that there had been considerable delay in bringing the matter to trial, he would impose the condition that all the costs be paid by the plaintiff. The plaintiff declined to do this and asked leave to withdraw the amendment which was accordingly allowed by the court. It has been held that an amendment under the Act of March 21, 1806, Sec. 6, P. L. 329, is a matter of right: Stuart v. Blum, 28 Pa. 225; Todd v. Quaker City, Etc., F. Ins. Co., 9 Pa. Superior Ct. 381. Upon the allowance of such an amendment, the defendant if he be taken by surprise is entitled to have the case continued. The duty of the court under certain circumstances to grant the continuance would seem almost of necessity to give the court power to make an order as to costs. A continuance invariably involves additional expense to some one, and such expense should be borne by the party whose neglect or oversight has occasioned it. The imposition of costs in such cases has been recognized as proper by the Supreme Court in Hileman v. Hileman,

172 Pa. 323. · In that case the lower court allowed the amendment without costs. The opinion of the Supreme Court states "as the record here presents itself apparently the amendment ought to have been allowed only on the terms which would have imposed costs upon the plaintiff but that was at the discretion of the court below ......The statutes of amendments are to be construed liberally so as to effect the intent of them. Their object was to reach trial on the merits." We might add that the motion to amend having been withdrawn it forms no longer a part of the record.

The objection is urged that the court erred in allowing the plaintiff to be cross-examined as to whether he received a quit notice. The plaintiff had testified that he had been unlawfully ejected and he was a tenant from year to year. The cross-examination was pertinent to the subject-matter of the inquiry as to whether the ejectment was unlawful. However, it was a matter of defense and might have very properly been left to form a part of the defendant's case. We do not think that the action of the court constitutes reversible error. It is only in extreme cases where it is plain that the parties objecting have been injured, that the appellate courts will reverse on the grounds of improper cross-examination: Jackson v. Litch, 62 Pa. 451; Glenn v. Philadelphia, Etc., Traction Co., 206 Pa. 135.

Whether the agent had authority to give the quit notice to the plaintiff was properly left to the jury. There was sufficient parol testimony to warrant the conclusion that the agent had such authority. The quit notice was prepared at a meeting, when according to the testimony, all the owners were present or represented by counsel, and at the same meeting the deed for the premises was given. It was a detail of the transaction involved in the passage of the title. Whether or not the quit notice was the act of the owners was therefore a question for the jury.

The last assignment we need consider, is the refusal of

the court to allow the plaintiff to recover damages for the loss of his leasehold prior to April 1, 1912. As the plaintiff declared that he had continued in possession until March 30, 1912, the court cannot be convicted of error in limiting recovery to the time subsequent to said date.

All the assignments are overruled and judgment is affirmed.