## Peoples *v.* Burns, Appellant.

*Trials — Cross-examination — Refusal to permit—Discretion of court.*

In an action of assumpsit to recover for services rendered, it was within the discretion of the trial judge to refuse to permit a cross-examination of a witness as to facts not testified to in chief, as the defendant was not prejudiced thereby, and the effect of the refusal was only to change the order of proof.

The order of trial is within the discretion of the trial judge, who may also prevent the undue lengthening of the case by the repetition of testimony.

Argued October 16, 1924.   Appeal, No. 88, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, July T., 1923, No. 294, on verdict for plaintiff in the case of Mae Peoples v. Jean H. Burns. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover for services rendered.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $279.55, and judgment thereon.   Defendant appealed.

*Errors assigned* were in refusing to permit certain questions to be asked on cross-examination.

*Charles Lex Smyth,* for appellant.

*Harry L. Jenkins,* and with him *William S. Furst,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

This was an action of assumpsit brought by the plaintiff against the defendant under a contract of employment as dressmaker at a fixed salary per week. The affidavit of defense alleged a set-off and a settlement. When the plaintiff was on the stand defendant's counsel sought to ask her as to the alleged settlement made between the parties and the terms thereof. The learned trial judge held that to be a matter of defense. He held that the cross-examination must be limited to facts elicited under direct examination and said further that when the defense would open these questions would be allowed as part of the case.

In some cases the refusal to allow proper cross-examination of a witness may be a serious matter for the only course that is left to the person attempting to elicit the information from the witness is to call the witness later as his own. In this case, however, the only effect of the court's action was to change the order of proof. The order of the trial is within the discretion of the trial judge: Gould v. Ins. Co., 134 Pa. 570, 586; Wilson v. Reiszner, 275 Pa. 5. There was abundant opportunity afforded the defendant later to examine the plaintiff and cross-examine her and such cross-examination, under our statutes, would not preclude the defendant, from further inquiry into the subject, Monongahela Water Co. v. Stewartson, 96 Pa. 437. The very matter of the settlement before the justice of the peace was gone into later and the plaintiff questioned about it. It is only in extreme cases where the injury is apparent that a violation of the rules of cross-examination will cause a reversal: King v. Myers, 60 Pa. Superior Ct. 345.

The trial judge refused to allow defendant's counsel to show by cross-examination of the plaintiff that some of the time of employment claimed for was spent by the

5, (1925).]                  Opinion of the Court.

plaintiff for her own purposes, the reason given that the question had already been answered. The trial judge in his discretion may prevent an undue lengthening of a trial by repetition. Where a question has been fully answered, the court's refusal to allow its repetition is not error: Com. v. Corsino, 261 Pa. 593, 597.

The assignments are overruled. The judgment is affirmed.