CITIZENS NATIONAL BANK, TRUSTEE, ESTATE OF J. A. BAXENDELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE L. HAWKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. W. HAWKINS, EXECUTOR, ESTATE OF JAMES A. HAWKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10217–10219.    Promulgated May 11, 1928.

*George D. Wick, Esq.*, for the petitioners.
*George G. Witter, Esq.*, and *Granville S. Borden, Esq.*, for the respondent.

## OPINION.

LOVE: The Commissioner, in denying the Fredericktown Coal & Coke Co., a partnership of which the petitioners are three of six members, the right to deductions from income for the years in question on account of depletion of the leasehold acquired from Peirsell on the 135 acres of coal land, takes the position (1) that the partnership did not obtain the lease until subsequent to March 1, 1913, and having paid nothing therefor it is not, under the provisions of

# 1318

section 214(a) (10) of the Revenue Act of 1918,[1] subject to deductions for depletion, and (2) that the lease, if acquired prior to March 1, 1913, had on that date no fair market value whatever, upon which, under section 214(a) (10) of the 1918 Act, *supra*, depletion deductions must be based.

The petitioners, on the other hand, contend that the lease of April 21, 1913, constituted merely a reduction to writing of the oral lease made in the fall of 1912, between Peirsell and the Hawkins brothers, with whom the other persons named in the agreement of April 21, 1913, had, in the year 1912, entered on the demised premises and started operations. It is urged, therefore, that the lease, which petitioners seek to deplete, was acquired prior to March 1, 1913, and that on that date it was reasonably worth $250,000.

Without discussing the evidence in detail, we are satisfied, upon consideration of it, that the oral lease made between Peirsell and the Hawkins brothers in 1912, and under which, in the same year, they and their associates entered upon the land in question, was merely reduced to writing on April 21, 1913. We conclude, therefore, that on March 1, 1913, the petitioners, together with their associates, had an oral lease, on a royalty basis, of Peirsell's coal land for a term of 15 years, or longer if the removal of all of the coal so required. We come, therefore to the question as to the fair market value of the oral lease on that date.

Section 1, of the Act of March 21, 1772, 1 Sm. L. 389, provides:

From and after April 10, 1772, all leases, estates, interests of freehold or term of years, or any uncertain interest of, in, or out of any messuages, manors, lands, tenements or hereditaments, made or created by livery and seisin only, or by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding; except, nevertheless, all leases not exceeding the term of three years from the making thereof; and moreover, that no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law.

---

[1] SEC. 214. (a) That in computing net income there shall be allowed as deductions:

(10) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: *Provided*, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: * * *.

In the case of *Dunn* v. *Rothermel*, 112 Pa. 272; 3 Atl. 800, the court held that a lease for more than three years in Pennsylvania, under the statute of frauds (Act of March 21, 1772) must be in writing; otherwise, it has but the force and effect of a lease at will only. In the case of *Stover* v. *Cadwallader*, 2 Pa. 117, the court held that a lease created by parol for a term of four years with the consideration of a round sum is, under the statute of frauds of March 21, 1772, a lease at will determinable at any time by either party. See *Heartzog* v. *Borgel*, 7 Pa. Super. Ct. 257; *Walter* v. *Transue*, 22 Pa. Super. Ct. 617; *Tuttleman* v. *Beetem*, 48 Pa. Super. Ct. 345; *King* v. *Myers*, 60 Pa. Super. Ct. 345. We are of the opinion, therefore, that on March 1, 1913, the oral lease in question being for more than three years, the petitioners and their associates were lessees at will and as such liable to ejectment on notice given.

All the evidence adduced by petitioners relates to the value of the lease of April 21, 1913. As will be subsequently pointed out, the value of that lease has no bearing on the issue presented. The question which we are called upon to decide is whether the oral lease, existing on March 1, 1913, had a fair market value and, if so, in what amount. Petitioners adduced no evidence with respect to the value of the lease at will of which they were possessed on March 1, 1913, and in the absence of such evidence we are unable to determine that it had any value on that date. It may be that the lease at will which petitioners had on March 1, 1913, had some value, but the evidence of value of the written lease of April 21, 1913, can not be accepted as proving the value of that which petitioners possessed on March 1, 1913. *Commercial Truck Co.*, 5 B. T. A. 602.

The subsequent reduction to writing of the oral lease outstanding on March 1, 1913, can not be said, retroactively, to affect the value thereof on the basic date provided in section 214 (a) (10) of the 1918 Act, *supra*. The value of the lease on March 1, 1913, must necessarily be determined by its legal status as of that date. Subsequent action, it is true, might give it value, but such value as might attach to it can be said to date only from the subsequent action.

Without discussing the question as to whether the lease of April 21, 1913, had a fair market value, it is sufficient to observe that petitioners and their associates having paid nothing of value therefor, that lease is not subject to depletion deductions since the statutory basis therefor is cost.

> As to the Estate of *J. A. Baxendell*, the deficiency for the year 1920 is $201.41. As to *George L. Hawkins*, and the Estate of *James A. Hawkins*, judgment will be entered under Rule 50.