Young *v.* Cherpes, Appellant.

Argued April 28, 1933. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*S. H. Haselton,* for appellant.

*Arnold M. Replogle,* for appellee.

Opinion by Keller, J., July 14, 1933:

The plaintiff on December 22, 1931 leased to the defendant for the term of five years a coal mine in Mifflin Township, Allegheny County, "together with the structure and equipment now on said premises in the condition the same now is," with the right to mine the Pittsburgh or upper vein of coal. The lease provided for a royalty per ton mined, gradually increasing in amount, but fixed a minimum monthly royalty of $50, to be paid in advance on the first day of each month. It contained a warrant of attorney authorizing a confession of judgment, in case of default in said payments, for any balance due at any time under said lease, and also confession of judgment in ejectment for the premises. Averring default in the minimum monthly payments for the months of September and October, 1932, the plaintiff, on October 7, 1932, entered an amicable action of ejectment against the defendant in which an attorney, representing defendant under said warrant contained in the lease, confessed judgment in favor of the plaintiff for the leased premises, and for the sum of $100, the minimum royalty due.

The defendant presented a petition to open the judgment in ejectment on the ground that by reason of the plaintiff's interference with his mining operations, there was no default on his part. The court granted a rule, which after answer filed, and hearing on petition, answer, and depositions, it discharged.

It was developed on the hearing that the entrance to the plaintiff's mine was on land belonging to Andrew Szabodos and Elizabeth Szabodos, his wife, and that, at the same time that defendant leased the mine from the plaintiff, he leased from the Szabodos the entrance to the mine and the tipple on their property, for which he agreed to pay them a rental of $30 a month. He failed to pay this rental and testi-

fied that Andrew Szabodos prevented his going into the mine; but there was no evidence at all that the plaintiff was concerned, or had anything to do, with this action.

The evidence in the case is most unsatisfactory. The defendant has apparently taken it for granted that the court is familiar with the facts involved in the case and has failed to present enough evidence to give us that knowledge of the facts which we should have. We have no knowledge of any facts in the case not appearing in the record, and can make no assumptions as to them.

It is clear that, after the alleged interference by the plaintiff, defendant continued to pay the minimum royalty up to the month of September; and that he mined coal from the plaintiff's premises in September and October. As to the effect of this, see Harper & Bro. Co. v. Jackson, 240 Pa. 312, 87 Atl. 430; Gibson v. Earling, 48 Pa. Superior Ct. 566. How he got into the mine after Szabodos refused him the use of the entrance into it does not clearly appear. Apparently—though it was not definitely so testified—the defendant made an entrance into the mine from some point on plaintiff's land, and complained that the plaintiff did not permit him to take up the rails which led from the main entrance and relay them to this new entrance. The plaintiff denied this. But the matter was largely left to conjecture and was not clearly proved. The equipment was leased as it then was and contemplated the use of the regular entrance and tipple before referred to. There is certainly no such clear evidence in this record of any interference by the plaintiff with the defendant's mining operations as relieved the latter of paying rent.

After all the depositions had been taken and the case had been argued or was ready for argument, the defendant filed an amended petition. As its aver-

ments were contradicted by the weight of the credible evidence already taken, the court was not required to give it the effect of a petition which is not denied by the answer.

We find no abuse of discretion in the court below in refusing to open the judgment in ejectment, and therefore the assignment of error is overruled and the order of the court of commons pleas is affirmed.