### Shanefield v. Magness

M. J. *Friedman*, for plaintiff.
S. *Abramson*, for defendant.

SMITH, P. J., April 4, 1952.—This case arises from a complaint in assumpsit. It came on for trial before Smith, P. J., and a jury. During the trial, counsel agreed that the issue be submitted to the court without a jury. This was done.

### Findings of Fact

1. Defendant, Samuel Magness, was tenant of the premises 6439 Woodland Avenue, Philadelphia, Pa., on and before September 30, 1938, under a lease entered into by the then owner, Alexander W. Harkins, and Magness.

2. The premises were subject to a mortgage; the Corn Exchange National Bank was mortgagee.

3. The mortgage being in default, the Corn Exchange National Bank took possession of the property pending arrangements to clear the mortgage.

4. On September 30, 1938, the bank, as mortgagee in possession, entered into a written lease with defendant Magness, executed on behalf of the mortgagee by E. N. Adourian, agent.

5. The term was for one month and thereafter from month to month, at a rental of $100 per month.

6. The lease provided that the tenant covenanted to keep premises clear and free of all dirt, to make certain repairs, to surrender premises in same condition in which lessee agreed to keep them.

7. The lease also contained the following provision:

"It is specifically agreed and understood notwithstanding anything herein mentioned to the contrary that the Lessors are Mortgagees-in-Possession and that thru this lease they are making an attachment of the rents, and that any amount which the Lessee may owe to the titled owner and/or agent of such titled owner is not cancelled by the execution of this lease by the parties herein mentioned and that in the event

that the titled owner makes satisfactory arrangements with the mortgagees, Lessors herein mentioned, then this lease shall be cancelled and the former lease with the titled owner shall still be considered in full force and effect."

8. On November 23, 1938, A. W. Harkins made satisfactory arrangements with the Corn Exchange National Bank and the mortgage was thereupon satisfied.

9. On December 29, 1941, the property was conveyed to Anthony Pappas et ux.

10. The lease was transferred to Anthony Pappas et ux, by assignment dated December 29, 1941, and signed by E. N. Adourian, agent.

11. Under date of August 2, 1947, the premises were leased to Barney A. Shanefield, by Anthony Pappas et ux.

12. On September 30, 1947, an assignment of the lease to Barney A. Shanefield was made by Anthony Pappas et ux.

13. This assignment was dated September 30, 1947, but it appears that it was actually executed in 1948; the specific date is unknown.

14. Judgment was entered in an amicable action of ejectment and confession of judgment on the lease against Magness on October 9, 1947, C. P. No. 5, September term, 1947, no. 2007.

15. Hab. fa. for possession went out October 14, 1947.

16. Magness surrendered possession in November 1947.

17. The premises had sustained certain damages.

### Discussion

This is an action based on a lease. Defendant attacks the subsistence of the lease to the date of surrender of possession. The question presented is one of law; the decision on that issue makes it unneces-

sary to consider the other points raised, since the latter are dependent on the former. If the lease did not validly subsist to the date of surrender of possession, plaintiff has no standing to maintain this cause of action.

The facts are simple. A mortgagor-lessor defaulted. The mortgagee took possession of the premises to protect his security interest. He attached the rents due the mortgagor by means of a temporary lease entered into by the mortgagee and the tenant; the tenant was lessee under a lease granted by the mortgagor. When the mortgagor made satisfactory arrangements with the mortgagee the latter's interest in the realty determined. The evidence did not disclose the existence of a provision in the mortgage giving the mortgagee authority to grant a lease for a term beyond the period of default. Therefore, upon satisfaction of the mortgage, the mortgagee's interest determined finally and absolutely.

Fundamentally, the terms of the lease are not important, the basic consideration is the existence of a lease capable of assignment. The only authority for entry into possession was the default of the mortgage; when that default was corrected, the right to possession ceased. The interest of the mortgagee determined. Therefore, absent a grant of authority in the mortgage, the mortgagee, although in possession to preserve his security interest, could not grant a lease for a period beyond the satisfaction of the mortgage. Any such lease would be a nullity. A mortgagee may make a valid lease, although it will necessarily be terminated by the redemption of the mortgage unless there was some express or implied authority from the mortgagor to lease for a given time: 41 C. J. 596.

When the mortgage was satisfied and the mortgagee's interest ceased, defendant continued to hold

under the lease with the owner Harkins, or if that lease had expired, then as a tenant at will: In re Wilson Estate, 349 Pa. 646. The assignment of December 29, 1941, assigned the rights of the mortgagee in possession. What were the rights assigned? The answer obviously is none. The mortgagee had gone out of possession on November 23, 1938, and any rights it might have had ceased to exist. Thus, it is clear that the assignment carried nothing and is a nullity.

The fact that the tenant continued to occupy the premises and paid rent, and also paid subsequent increases is completely consistent with a tenancy at will. It cannot be said that in some fashion the parties adopted the lease. There is no evidence other than possession and payment of rent. Plaintiff's claim, dependent as it is on the subsistence of the lease, must fall, since the chain of title has within it a fatal defect.

There is no need to consider the other points raised by plaintiff because they are all dependent on establishing the validity of the lease and its continued subsistence to the date of surrender of possession.

### Conclusions of Law

1. The lease dated September 30, 1938, executed by the Corn Exchange National Bank, mortgagee in possession, and Samuel Magness determined November 23, 1938.

2. After November 23, 1938, Corn Exchange National Bank had no right, interest, or title upon which a leasehold could have been granted.

3. Magness held after November 23, 1938, as either tenant under former lease or as a tenant at will.

4. The assignment to Anthony Pappas et ux. was a nullity.

5. Plaintiff's cause of action depends solely on the validity and continued subsistence of the lease.

6. Plaintiff obtained no rights based on the lease by assignment or otherwise.

7. Plaintiff has failed to establish his cause of action.

### Order

And now, to wit, April 4, 1952, the court finds for defendant.