## Henry G. Schultz v. Eula Weir Burlock, Appellant.

*Landlord and tenant—Lease signed by tenant only—Statute of frauds—Opening judgment.*

A lease signed only by the lessee is not in contravention of the statute of frauds, one of the purposes of which was for the protection of land owners and was intended to guard them against prejudice in the proof of parol contracts; hence the requirements of the statute are answered by a memorandum in writing signed by the party to be charged therewith.

A lease signed and executed by the tenant and accepted by the landlord sustains a judgment in an amicable action in ejectment entered under the agreements of the lease, and there is no abuse of discretion in the refusal of the court below to open the judgment.

Argued Dec. 15, 1897. Appeal, No. 155, Oct. T., 1897, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 208, refusing to set aside execution, open judgment and let defendant into a defense. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to set aside execution, open judgment, and let defendant into a defense.

This was an amicable action in ejectment under an alleged lease under which proceedings the defendant was ejected. It appears from the record and the evidence that the judgment and proceedings were upon a lease which was executed by the defendant as lessee but not executed by the lessor, plaintiff, and for the defendant's alleged violation of the covenant to pay rent.

*Error assigned* was refusal to make absolute rule to set aside the execution issued in pursuance to a confessed judgment in ejectment, to open the judgment and let defendant into a defense.

*A. E. Stockwell,* for appellant.—It is submitted that the lessee is not liable upon the covenants, and the covenant to pay rent

is not obligatory: Jennings v. McComb, 112 Pa. 518; Pitman v. Woodbury, 3 Exch. Rep. 11; Wood's Land and Ten. sec. 214.

*M. J. O' Callaghan*, for appellee.

OPINION BY ORLADY, J., February 19, 1898:

The judgment which the court below refused to open was entered against the lessee who had signed and sealed it, and who was charged with the performance of the covenants in the lease for the premises which she occupied. The lease supporting the judgment provided for a tenancy from month to month, and possession of the premises was taken at the beginning of the term.

The landlord accepted the lease as made by the tenant, and, in affirmance of it, he made several demands for rent which proved futile in producing the money. He then entered the judgment in ejectment for recovery of possession of the property.

The case of Jennings v. McComb, 112 Pa. 518, is not a parallel one. The lease in this case is not in contravention of the statute of frauds one of the purposes of which was for the protection of landowners, and was intended to guard them against prejudice in the proof of parol contracts; hence the requirements of the statute are answered by a memorandum in writing signed by the party to be charged therewith. If therefore it is signed by the vendor alone and delivered to the vendee, who accepts and acts under it, it is all that the statute requires: Lowry v. Mehaffy, 10 Watts, 387; Cadwalader v. App, 81 Pa. 194.

The judgment was self-sustaining on the record: Stewart v. Lawson, 181 Pa. 549.

The assignments of error are overruled, and the judgment is affirmed.