## Wilson Estate.

Argued March 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused June 30, 1944.

*Edward G. Bothwell,* for appellant.

*Edward R. Lawrence,* with him *William B. Paul,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:

May a person who has occupied a property without having entered into any oral or written agreement with the owner with regard to terms and conditions of occupancy, recover from the estate of the owner, by virtue of the Act of 1804, P. L. 517, the sum which he has expended for all taxes levied against the property?

This appeal is by Charles E. Whitney from the decree of the court below disallowing his claim against the estate of Walter J. Wilson, deceased, for the taxes paid by him for the years 1936 to 1940, inclusive.

Susannah Wilson, mother of the decedent, Walter J. Wilson, died April 18, 1919, and by her will devised the

premises known as 1416 Beaver Road to her two daughters, Roberta O. Wilson and Sue Wilson, in equal shares. Roberta Wilson died August 1, 1929, and by her will devised her undivided one-half interest in said land to the decedent, in trust for her sister, Sue Wilson [Sue Whitney, through marriage with appellant] for life, and thereafter for her niece, Helen Wilson, the daughter of decedent. Immediately after the death of Roberta, appellant and his wife, Sue, occupied said land until September 28, 1935, when she died. By her will her undivided one-half interest was devised to decedent absolutely. Appellant has continued to occupy the said land. Helen Wilson [Helen Thompson, through marriage with Robert Thompson] died intestate March 15, 1939, survived by her husband and parents, Walter J. Wilson, decedent, and Mary, his wife.

By deed dated December 31, 1940, made pursuant to a decree of the Orphans' Court terminating the trust created by Roberta, decedent divested himself of the legal title to the undivided one-half interest, held by him in trust under her will, by conveying the same to himself and wife. Decedent died intestate March 25, 1941, survived by his wife, Mary, and a nephew, Wilson Pritchett, and a niece, Edith Pritchett Crawford, appellees herein, who are contesting appellant's claim. During the years 1936 to 1940, appellant paid the taxes on the property amounting to $3,211.11. Payment of the taxes was made before delinquency with one exception, when a penalty of $5 was added thereto. By deeds dated November 5, 1941, and April 22, 1943, appellees, with other heirs at law of decedent, conveyed the land involved for a consideration of more than $24,000, free and clear of the lien of taxes thereon for the years 1936 to 1940, inclusive.

Appellant contends that his occupancy of the premises was with the knowledge of the owner and operated to create the relation of landlord and tenant between him and decedent; that by virtue of the Statute of 1804

he was legally obligated to pay the said taxes and that the same statute affords him the right to be reimbursed in full out of the assets of the decedent landlord's estate. Appellees contend that he was not in fact a tenant within the meaning of the statute, and, assuming that he was, he had not been compelled to pay and was therefore a mere volunteer and is not entitled to reimbursement.

Section 6 of the Act of 1804, P. L. 517, PS 5791, provides: "Every tenant who may or shall occupy or possess any lands or tenements shall be liable to pay all the taxes which during such occupancy or possession may thereon become due and payable; and having so paid such taxes, or any part thereof, it shall be lawful for him, by action of debt or otherwise, to recover said taxes from his landlord, or at his election to defalcate the amount thereof in the payment of the rent due to such landlord, unless such defalcation or recovery would impair any contract or agreement between them previously made."

"The relation of landlord and tenant is always created by contract, either express or implied. It cannot exist without such contract . . .": 32 Am. Jur. 46; *Snyder v. Carfrey,* 54 Pa. 90. The relation arises under a contract for possession of lands in consideration of rent to be paid therefor. Its existence is not to be presumed merely because it is asserted: *Gasner v. Pierce,* 286 Pa. 529, 533. A tenant is "one who occupies land or the premises of another in subordination to the other's title, and with his assent, express or implied": *Minneapolis Iron Store Co. v. Branum,* 36 N. D. 355, 162 N. W. 543, 547. The contract may be in writing or parol. Although the payment of rent is a usual incident of a tenancy, the reservation thereof is not essential to the creation of the landlord and tenant relation. When, however, its existence is the issue, the fact that no agreement is shown with regard thereto becomes an important circumstance. See 32 Am. Jur. 47.

Clearly appellant was not a tenant for a term. Nor is he a tenant at will. "Tenancies at will may be created

by express words, or they may arise by implication of law. . . . Such tenancies arise by implication of law where no definite time is stated in the contract, or where the tenant enters into possession under an agreement to execute a contract for a specific term and he subsequently refuses to do so, or one who enters under a void lease, or where he holds over pending negotiations for a new lease. The chief characteristics of this form of tenancy are (1) uncertainty respecting the term, and (2) the right of either party to terminate it by proper notice; and these features must exist whether the tenancy be created by the express language of the contract or by implication of law": *Thompson v. Baxter,* 107 Minn. 122, 119 N. W. 797-8. "There can be no privity of contract between the occupant and the owner of the land until there has been at least an acknowledgment of the owner's title and of tenure under him": *Brolasky v. Ferguson,* 48 Pa. 434, 436.

The evidence adduced by appellant established the chain of title, the fact that he resided on the premises, and that he paid taxes in the amount of $3,211.11. There is not a scintilla of evidence from which it may be reasonably inferred that he entered upon the premises pursuant to any agreement with the decedent; that decedent knew of his having occupied the premises and assented thereto, and that decedent was aware that the taxes were being paid by appellant. Not having presented any evidence of an agreement with regard to the occupation of the premises, appellant has failed to establish that element fundamental to the existence of a landlord and tenant relationship.

The requirements of the Act of 1804 have not been met and the order of the court below must be affirmed. It is not necessary to consider other questions raised.

Decree affirmed. Costs to be paid by appellant.