## Flomar Corporation *v.* Logue, Appellant.

Argued April 28, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Samuel C. Nissenbaum*, with him *Robert M. Nissen-baum*, for appellants.

*Martin Greitzer*, with him *Takiff and Bolger*, for appellee.

OPINION BY MR. JUSTICE EAGEN, May 25, 1965:

One Martin Greitzer, as attorney for both plaintiff, Flomar Corporation, and defendants, Sadie Logue (appellant) and Myra E. Miles, caused judgment to be entered against defendants and in favor of plaintiff, purportedly by virtue of a warrant of attorney contained in a four-year, written lease, signed by defendants, as lessees for premises located at 3156 Kensington Avenue, Philadelphia, Pennsylvania. A praecipe for appearance and confession, assessing damages, and an averment of default having been filed, the prothonotary entered judgment as assessed. Appellant then petitioned the court below to strike off the judgment, which was denied. This appeal followed.

Appellant raises two contentions: (1) that there was no appearance entered for the defendants and therefore the judgment was invalid; and, (2) that the lease was not signed by the lessor (plaintiff-corpora-

tion) and therefore no valid judgment could be entered by virtue of the warrant of attorney. The latter point, being determinative, is the only one in need of discussion.

The Act of April 6, 1951, P. L. 69, §202, 68 P.S. §250.202 provides: "Real property . . . may be leased for a term of years of more than three years by a landlord to a tenant . . . . Any such lease must be in writing *and signed by the parties* making or creating the same, otherwise it shall have the force and effect of a lease at will only and shall not be given any greater force or effect either in law or equity, notwithstanding any consideration therefor . . . ." (Emphasis supplied.) The record shows clearly that the lease which contains the warrant of attorney, pursuant to which judgment was entered, was not signed by the lessor nor by anyone on its behalf. It is indeed strange that such a turn of events should arise, since the one seeking to enforce the lease is the delinquent party. Why the lease was not signed on behalf of the lessor is undisclosed, but the fact remains that it was not done. Therefore, the effect of the statute above set forth is to make the tenancy here involved one at will, terminable at the will of either the lessor or the lessee: *Wilson Estate,* 349 Pa. 646, 37 A. 2d 709 (1944). Such being the case, an action cannot be maintained upon the covenant to pay rent, and lessor is relegated to an action of assumpsit for the rental value of the premises while the lessees were in possession: *Jennings v. McComb,* 112 Pa. 518 (1886). Cf. *Gum, Inc. v. Felton,* 341 Pa. 96, 17 A. 2d 386 (1941).

*Schultz v. Burlock,* 6 Pa. Superior Ct. 573 (1898), is inapplicable. The action there was for ejectment, not for rentals due in futuro. The lease there, while signed only by the lessee, supported confession of judgment in ejectment. The lessee's duty and covenant to surrender possession upon his default need not be sup-

ported by any corresponding covenant made on behalf of the lessor. The lessor's right to possession in such a case is established by ownership, not mutual covenants. *Gleadall v. Kenney,* 23 Pa. Superior Ct. 576 (1903), is distinguishable on the same ground, and also because the lessor therein assigned *in writing* the lease to another and thereby inferentially acknowledged its existence.

Appellee argues, with support from the court below, that the judgment was entered pursuant to a warrant of attorney signed by the lessees, and is therefore valid, citing *L. B. Foster Co. v. Tri-W Construction Co., Inc.,* 409 Pa. 318, 186 A. 2d 18 (1962). See also, *Frantz Tractor Co. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A. 2d 303 (1956). However, it having been established that there was no term (as declared by the statute) to this lease, the question arises, for what was judgment entered. Assuming that the lessor had a right to confess judgment for rentals accrued and unpaid while the lessees were in possession, the record clearly establishes that this is not what was done. The assessment of damages was for $17,575, which included rent in futuro, allegedly due on October 19, 1964, under the acceleration clause of the lease. The averment of default stated that, as of October 19, 1964, the lessees were no longer in possession. Hence, the judgment included a sum for occupancy after the tenancy had terminated. This is made clear by the lease itself because, thereunder, the total rent reserved from the date thereof (December 1, 1963) through October of 1964, could not exceed the sum of $4,325. Since the judgment was obviously entered for a grossly excessive amount, it is void and must be stricken. See, *Roche v. Rankin,* 406 Pa. 92, 176 A. 2d 668 (1962), and *Housing Mortgage Corp. v. Tower Development & Investment Corp.,* 402 Pa. 388, 167 A. 2d 146 (1961).

Order reversed and record remanded with directions to strike.