390 A.2d 276

**B.C.Y., INC., EQUIPMENT LEASING ASSOCIATES
and Richard R. Carr,**

v.

**Anthony J. BUKOVICH, Jr. and Terrence K. Young, also
known as Terry K. Young.**

**Appeal of Anthony J. BUKOVICH, Jr.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided July 12, 1978.

122

Stanton D. Levenson, Pittsburgh, for appellant.

Joseph E. Schmitt, Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from an order of the Common Pleas Court of Allegheny County denying appellant's petition to open a default judgment entered against him, and granting appellee's petition to amend assessment of damages. We affirm the decision of the lower court.

A complaint in assumpsit was filed by B.C.Y., Inc., Equipment Leasing Associates, and Richard Carr, and properly

served on defendant, Anthony Bukovich.[1]  When defendant did not answer the pleading within the prescribed 20-day period, counsel for plaintiff sent a letter by certified mail, with an acknowledged receipt, that unless an answer was filed or an extension arranged *before* September 15, 1975 (Monday), a default judgment would be taken.  This letter voluntarily granted the appellant approximately 18 additional days in which to file.  No answer was filed before September 15, and a default judgment in the amount of $86,920 was entered in the afternoon that day.  Twenty-one days after receiving notice of the entry of default judgment, appellant filed his petition to open the judgment.  At the hearing on appellant's petition to open, appellee presented a petition to amend the assessment of damages.  The lower court denied appellant's petition to open the judgment, but granted appellee's petition to amend the assessment of damages, and reassessed the damages to $16,000 plus interest in favor of Equipment Leasing Assoc., with an additional hearing to be held for the amended assessment of damages in favor of B.C.Y., Inc. and Richard Carr.

Appellant raises two issues on appeal: first, whether the lower court abused its discretion in granting appellee's petition to amend the assessment of damages; and two, whether the lower court erred in denying appellant's petition to open the default judgment.  We will briefly discuss each.

## I.

■ Concerning the first issue of whether the lower court abused its discretion in amending the judgment, appellant's brief contends that the original judgment of $86,920 was grossly excessive of the reassessed amount of $16,000, and therefore, the judgment was void ab initio and should have been stricken rather than amended.  Appellant relies on two cases wherein a confessed judgment was entered on a warrant of attorney. *Housing Mortgage Corporation v. Tower Development and Investment Corporation*, 402 Pa. 388, 167

1. No appeal was filed by defendant, Terry Young, therefore, this discussion is limited to Bukovich.

A.2d 146 (1961); *Flomar Corp. v. Logue,* 418 Pa. 181, 210 A.2d 254 (1965). A warrant of attorney is an oppressive weapon and thus must be strictly enforced. In *Housing Mortgage,* supra, judgment was entered for amounts not authorized by the warrants of attorney and was properly stricken. *Flomar,* supra, involved a confessed judgment for rent allegedly due after the term of occupancy terminated on a lease where the lessor failed to sign. Thus the plaintiff had no power to confess judgment.

We feel these cases are clearly distinguishable from the one before us and therefore turn to the case law that states the court has the inherent power to correct a judgment of default to conform to the facts. *Wilson Laundry Co. v. Joos,* 200 Pa. Super. 595, 189 A.2d 917 (1963); *Harr v. Furman,* 346 Pa. 138, 29 A.2d 527 (1943); *Brummer v. Linker,* 329 Pa. 192, 196 A. 834 (1938). A judgment should only be stricken if the record reveals a defect on its face. Here, we have a validly entered default judgment (see discussion infra) with only an error on the amount entered. The fact that the judgment was entered is not the mistake and thus the entire judgment should not be stricken. Instead, on the proper application to the court for amendment, the judgment was modified which was within the power of the court. Cf. *Rocke v. Rankin,* 406 Pa. 92, 176 A.2d 668 (1962).[2] The lower court did not abuse its discretion when entering the modified judgment.

## II.

In order for a default judgment in an assumpsit suit to be opened, three factors must coalesce and be shown by the appellant: 1) that the petition to open was promptly

**2.** Appellant petitioned to have the judgment opened; a petition to strike the judgment was not presented before the lower court. Appellee's petition to amend the assessment of damages was not presented until the day of the hearing on appellant's petition to open. Arguably, appellee's petition to amend should have been filed earlier than that date. However, appellant could have moved to strike the judgment in his original petition to open, or he could have moved to strike at the hearing on both petitions. We have no evidence before us that appellant followed either course of conduct.

filed; 2) there is a legitimate excuse for the delay that caused the default, and 3) a meritorious defense was set forth. *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974); *Telles v. Rose-Tex, Inc.,* 233 Pa.Super. 181, 335 A.2d 440 (1975). In the instant case, appellant's petition to open was filed 21 days after he received notice of the default judgment. Although promptness was not raised in the answer to appellant's petition, we must comment on this point. Even though a delay of 21 days is not excessive, it can hardly be considered prompt. See *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 500, 305 A.2d 698 (1973), where a delay of 2½ weeks before filing the petition to open was considered "hardly prompt."

The determining factor in this case is the appellant's failure to give a reasonable explanation for the delay that caused the default. Appellant claims he contacted an attorney on Saturday, September 13, 1975 and informed him of the September 15 deadline. Appellant's attorney did not phone the attorney for the appellee until approximately 5:00 P.M. on September 15, only to find out counsel had left for the day. Arguing this was *some* action on his part, that he was occupied with other business deals, and had an unsophisticated knowledge of legal matters, appellant contends this was enough to open the judgment.

Our cases have held that none of these reasons is sufficient to explain default. *Silverman v. Polis,* supra, busy schedule no excuse for failure to file; *Kabanow v. Kabanow,* 239 Pa.Super. 23, 361 A.2d 721 (1976); *Telles v. Rose-Tex, Inc.,* supra, mere ignorance or inexperience in legal matters is no justification for default. Thus where the default is not reasonably explained, a judgment will not be opened. *Dupree v. Lee,* 241 Pa.Super. 259, 361 A.2d 331 (1976).

The alleged meritorious defense of appellant is not set forth in his petition to open the judgment, but must be gleaned from the depositions in the record. The practice of failing to set forth the basis of the meritorious defense in the petition to open is not encouraged. *Alexander v. Jesray,*

237 Pa.Super. 99, 346 A.2d 566 (1973). However, when passing on a rule to open a judgment, the court may consider the pleadings and the testimony available in determining whether a meritorious defense has been presented. *Lytle v. Walters,* 184 Pa.Super. 246, 132 A.2d 373 (1957). Thus the lower court correctly considered the depositions in this case. Even though the depositions may set forth a meritorious defense, which is not completely convincing from what we have before us, appellant still failed to meet the second requirement for opening a default judgment by failing to explain the reason for default.

A petition to open a default judgment appeals to the equitable powers of a court. A decision of the lower court will not be reversed absent a manifest abuse of discretion or a clear error of law. *Silverman v. Polis,* supra. We find no such abuse of discretion or error of law here.

Judgment upon the order of the lower court affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.