## Voorhis v. Voorhis

*Robert J. Jeffrey*, for plaintiff.
*Paul Burroughs*, for garnishee.

PFADT, *J.*, December 15, 1980—Doris Voorhis, garnishee and mother of defendant, Robert C. Voorhis, petitioned this court to strike, open or amend a judgment entered against her for failure to answer interrogatories to a garnishee. Both parties submitted briefs on the issues along with a deposition of the petitioner.

The above-captioned assumpsit and trespass

complaint is grounded upon defendant's alleged failure to dispose of debts with mutual assets under an oral agreement between defendant and his former wife, plaintiff. The garnishee's petition shall be dismissed as meritless.

The petition is captioned in the alternative so that there is no discreet setting out of facts for the three different remedies sought. However, the facts in the petition and the deposition which may be said to support a petition to open simply do not meet the requisite standards. These conditions are; that the petition to open must be filed promptly following the taking of the judgment, that the default or failure to plead must be reasonably explained or excused, and that a defense on the merits must be alleged. Finally, the circumstances alleged in the petition and supported by affidavits and depositions must appeal to the conscience of the court. Petitioner has failed in several notable regards to meet these standards and the circumstances and equities simply do not appeal to our conscience.

The defense alleged simply is that the garnishee holds no property owned by defendant. The only explanation for the default, however, is that the garnishee, shortly following service of the interrogatories on June 21, 1979, handed them to the attorney of her son. Apparently no steps were taken and the judgment upon the garnishee was entered over 50 days later on August 16, 1979. A certified letter, return receipt requested, notifying petitioner of the judgment was signed by her on August 17, 1979. The instant petition was then filed on April 11, 1980. More than misunderstanding or inadvertence must be averred to explain these periods of time, and no plausible explanation is forthcoming other than reliance upon defendant's counsel. Once judgment was entered, the garnishee could not

reasonably rely on the few words exchanged with her son's attorney nearly three months before. The court finds this failure sufficient in and of itself to deny the garnishee's petition to open.

The court also notes that the deposition shows that the garnishee comes to court with "unclean hands." The garnishee admits that a checking account at a local bank used for a business operated by the defendant was kept in the garnishee's name alone. One may infer that this was meant to confuse creditors. While the checking account was in her name, the actual use of the funds was entirely defendant's decision. This very business checking account was the object of the interrogatories filed by plaintiff. Further, the interrogatories and writ of execution were served shortly before a sheriff's execution hearing. The deposition reveals that at the sheriff's hearing, the garnishee claimed to be owner of certain calves of which she now testifies to have no interest and which were always the property of defendant. Following the sheriff's hearing, the garnishee accompanied her son to the bank and withdrew the funds from the business account for the use of defendant. Even assuming that all the funds from the sale of the calves and the business account were used to satisfy other creditors, the acts show a deliberate intent of defendant to frustrate the just claim of plaintiff, coupled with deliberate connivance on the part of the garnishee. The court need not find fraud in order to deem the garnishee guilty of "unclean hands." Under Rule 3111(c), the garnishee's actions might be grounds for contempt. The garnishee's acts, even if unknowing, violate the writ of execution that had been properly served on the garnishee. The steps by the garnishee to confound and avoid plaintiff judgment holder would convince this court that the

judgment should not be opened, even if a satisfactory explanation for the delay were submitted.

As noted previously, the garnishee also submitted a petition "to determine liability of [the] garnishee." In the introduction to this opinion, this relief sought was described as a petition to amend the judgment entered. Whether described as an amendment or a determination of liability, it is clear that the garnishee seeks an alteration of the judgment amount so it will equal the balance in the garnishee's business checking account at the time of service of plaintiff's writ of execution and interrogatories. The court declines to do so. First, regardless of the caption to this petition for relief, the court is unaware of any authority which justifies a substitution of a judgment amount of the court's choosing in derogation of a default judgment rendered in procedural compliance with our rules of court. The garnishee argues that Rule 3147 does not permit an entry of judgment against a garnishee greater than the assets of the judgment debtor held by the garnishee. This rule does not apply to the instant circumstances where the default judgment entered is authorized by Rule 3146. Instead, Rule 3147 protects the garnishee who defends itself against claims in excess of the assets held. The garnishee argues that, in effect, the default judgment entered pursuant to Rule 3146 can be partially opened to conform with the testimony provided to the court under the rubric of a petition to "determine liability." This petition is merely a veiled attempt to open the judgment without meeting the firm, oft-repeated requisites which are listed above. It is likewise inappropriate for the court to reduce by nearly $5,000 the judgment amount under its inherent powers of court administration. To do so would reward the garnishee for her las-

situde and actions which violate Rule 3118(c) and arguably constitute contempt. Our research does not reveal any legal or equitable rules that suggest that a garnishee should be held to a lesser standard of duty, or that the equities for a garnishee are weighed differently in assessing the merits of a petition to open. Consequently, the petition to determine liability is meritless.

The garnishee petitions to strike the judgment because of an alleged defect in the judgment amount. The original judgment entered against defendant was $5,900, with interest accruing since September 26, 1977, according to the docket maintained by the prothonotary. The amount entered against the garnishee was $6,165.50, which is meant to equal the judgment amount plus costs and interest from September, 1977, until August, 1979, according to plaintiff. The garnishee argues that this amount is incorrect because of the language of Rule 3146(a), which supposedly compels the entry of the original judgment amount plus costs and interest, rather than an entry of the total amount owing at the time of the taking of the judgment. This "defect" then would be on the record and is the basis of the garnishee's petition to strike. She points out that the higher amount as entered would seemingly penalize her with an increased interest cost measured by the difference in the two judgments entered against defendant and garnishee respectively. The garnishee is entirely correct inasmuch as the computation of interest subsequent to the garnishee's judgment is concerned. We decline, however, to strike the judgment due to this alleged mistake; this is too harsh a remedy under the circumstances. Furthermore, our appellate courts indicate an unwillingness to strike a judgment over errors of the sort alleged. See, B.C.Y.

v. Bukovich, 257 Pa. Super. 121, 390 A. 2d 276 (1978).

Neither party, apparently, has recalculated its their speculations; $6,165.50 is incorrect for it does not equal interest and costs owing as of August 16, 1979. Upon review of the docket, the costs equal $98.75. The interest at six percent per annum, on the judgment amount would be $354, or $27.83 per month. Since 22 complete months passed from September 23, 1977 until August 16, 1979, the interest amount equals $612.26 at the time of the entry of the judgment. Thus, plaintiff's position would support a judgment amount of $6611.01. Of course, the controversy at this point merely devolves upon the proper amount to be docketed as a judgment, and the court inherently holds the power and discretion to administer its records. See Rule 249(a) and Great American Credit Corp. v. Thomas Mini-Market, 230 Pa. Super. 210, 326 A. 2d 517 (1974).

The court will enter as a judgment an amount in keeping with the conservative reading of the rule as espoused by the garnishee; i.e., $5,900, plus interest and costs. We do so for convenience sake, so that at some subsequent sale, there will be no question as to the proper interest amount. Plaintiff's approach to Rule 3146(a) is not incorrect, but rather cumbersome since his reading would necessitate a special recitation of interest earned each month, the number of months included in the computation, and note that additional legal interest should accrue only on the original judgment amount and not the amount just entered against the garnishee. Herein, it is not the amount owed, or the computation of the interest on the judgment that is challenged but only how to render intelligible the various elements of damages on the praecipe for judg-

ment. An appropriate order amending the judgment amount and denying the garnishee's petition shall be entered.

### ORDER

And now, December 15, 1980, it is hereby ordered and decreed as follows:

1. The garnishee's petition to open, strike and/or determine liability shall be denied.

2. The court of its own motion shall amend the judgment amount rendered against the garnishee at Execution Number 511-1978 as follows

Enter judgment in favor of the above-named plaintiff and against garnishee, Dolores Voorhis, and assess damages as follows: $5,900, together with interest from date of judgment and costs.