J-S11043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOTEL FURNITURE LIQUIDATORS OF PHILADELPHIA, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CASTOR AVENUE PROPERTIES, LLC, | : | |
| | : | |
| Appellant | : | No. 2075 EDA 2015 |

Appeal from the Order entered on May 27, 2015
in the Court of Common Pleas of Philadelphia County,
Civil Division, No(s): December Term, 2014, No. 00855

| | | |
|---|---|---|
| HOTEL FURNITURE LIQUIDATORS OF PHILADELPHIA, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CASTOR AVENUE PROPERTIES, LLC, | : | |
| | : | |
| Appellant | : | No. 2377 EDA 2015 |

Appeal from the Judgment entered on June 26, 2015
in the Court of Common Pleas of Philadelphia County,
Civil Division, No(s): December Term, 2014, No. 00855

BEFORE:  FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 29, 2016**

Castor Avenue Properties, LLC ("Castor") appeals from the Order denying its Petition to Open Default Judgment.  In this consolidated appeal, Castor also appeals from the Judgment entered against it and in favor of Hotel Furniture Liquidators of Philadelphia, Inc. ("Hotel Furniture"), in the amount of $375,388.24.  We affirm.

The trial court set forth the relevant underlying factual and procedural

history as follows:

> The instant action arises from a lease dispute between the parties. The tenant is plaintiff Hotel Furniture …. The landlord is defendant Castor …. On December 31, 2010, [Hotel Furniture] and [Castor] entered into a lease agreement for 50,000 square feet of rental space located at 2222-2230 Castor Avenue, Philadelphia, Pa. 19134. The property consisted of three separate rental units[:] the leased property and two other rental units. Paragraph 1 of the lease provided that [Hotel Furniture] is permitted to use the leased premises for the purpose of warehouse storage and selling furniture and fixtures to other businesses and the public. Paragraph 2 of the lease provided as follows:
>
>> Compliance with Law. Each party, its officers, employees, agents and servants, shall comply fully and promptly with all applicable laws....
>
> The lease was for a period of five (5) years, commencing on August 15, 2010[,] and expiring on October 31, 2015[,] with a five year option. On October 15, 2012, the City of Philadelphia commenced a lawsuit against [Castor] in the Court of Common Pleas of Philadelphia County under docket number October Term 2012 No. 1842 in code enforcement. The court found [Castor] in violation of the City of Philadelphia [Building] Code and Fire Code[,] and stated the following:
>
>> The subject premises with existing Fire Code and other violations, poses a serious fire hazard, safety threat, and immediate serious danger to any occupants of the subject premises. The structure is therefore in a seriously dangerous condition due to inadequate maintenance, and may result in potential serious injury to persons occupying the subject building.
>
> On March 17, 2014, the City of Philadelphia Department of Licenses and Inspections directed [Hotel Furniture] to vacate the leased premises on four hours' notice. [Hotel Furniture] was ordered to remove all furniture and other items warehoused at the leased premises. [Hotel Furniture] leased vehicles to remove its inventory from the leased premises, employed

personnel to remove the inventory and employed fire watch personnel from an outside professional security company trained in and devoted to fire watch services. [Hotel Furniture] vacated the premises with as much inventory as could be removed on short notice.

On May 1, 2014, [Hotel Furniture] leased a facility[,] which was much smaller than the leased property. The new space at 4343 Widacor Avenue in Philadelphia was 25,000 square feet. As a result, [Hotel Furniture] was forced to leave some of its inventory at the leased premises, discard some and donate some. Sixty percent of its inventory was dumped, donated or recycled. Forty percent was transported to the new space. The new space was not as visible or accessible as the leased property to the public and walk[-]in traffic declined significantly.

On September 15, 2014, counsel for [Hotel Furniture] notified [Castor] that it was in default of the lease for failing to comply with Philadelphia Code Ordinances. [Hotel Furniture] inquired into the status of its expected compliance with the ordinances [and] informed [Castor] that [Hotel Furniture] suffered damages for which it would seek reimbursement. On December 3, 2014, [Hotel Furniture] filed the instant [C]omplaint against [Castor] alleging breach of lease, breach of implied covenant of quiet enjoyment and constructive eviction. According to the Affidavit of Service filed with the court, [Castor] was served with the [C]omplaint on December 24, 2014[,] by personal service at 203 Meserole Avenue, Brooklyn, New York. [Castor] did not file an answer to the [C]omplaint or otherwise plead. On January 13, 2015, [Hotel Furniture] served a ten[-]day letter of [N]otice to take a default for failing to answer or otherwise plead to the [C]omplaint to the same address where the [C]omplaint was served. [Castor] once again did not answer or file a response. On February 24, 2015, [Hotel Furniture] filed a [P]raecipe to enter default judgment against [Castor] for failure to answer the [C]omplaint and a default judgment was entered against [Castor]. In the meantime, the court scheduled an assessment of damages hearing. [Castor's] General Counsel received notice of the assessment and at that time contacted local counsel to file a [P]etition to open the default judgment.

On April 10, 2015, [Castor] filed its [P]etition to [O]pen the [D]efault [J]udgment. On May 27, 2015, the court denied the [P]etition to [O]pen the [D]efault [J]udgment. On June 11,

2015, an assessment of damages hearing was held wherein testimony was presented and exhibits introduced. On June 25, 2015, the court entered a [Judgment] assessing damages against [Castor] and in favor of [Hotel Furniture] in the amount of $375,388.24. [Castor] appealed. On June 25, 2015, [Castor] filed an appeal of [the trial] court's [O]rder … denying the [P]etition to [O]pen the [D]efault [J]udgment. On July 24, 2015, [Castor] filed an appeal of [the trial] court's finding assessing damages against [Castor] in the amount of $375,388.24[.]

Trial Court Opinion, 8/28/15, at 1-4.[1]

On appeal, Castor raises the following questions for our review:

I.    Whether the court of common pleas erred as a matter of law in denying [Castor's] Petition to Open Default Judgment where all three parts of the three[-]part test [for opening a default judgment] were not considered?

II.   Whether the court of common pleas erred as a matter of law in concluding that [its] assessment of damages against [Castor] was proper and supported by the record?

III.  Whether the court of common pleas erred as a matter of law in concluding that the June 11, 2015 assessment of damages hearing was a trial[,] and [Castor] waived its right to appeal?

Brief for Appellant at 5 (some capitalization omitted).

In its first claim, Castor contends that the trial court erred in denying its Petition to Open Default Judgment without considering all of the prongs of the three-part test to open a default judgment. *Id*. at 17, 18, 19-20. Castor argues that Castor's New York attorney did not timely file an answer to Hotel Furniture's Complaint due to confusion and oversight. *Id*. at 18, 20-21, 26-27, 29-31. Castor claims that its "young" New York attorney was

---

[1] This Court consolidated the two appeals.

- 4 -

unaware of the existence of the Pennsylvania business, which was the only business owned by its members outside of New York state, and the attorney mistakenly sent the Complaint to Castor's other business. *Id*. at 20-21, 23-24, 25, 26-27, 30-31. Castor also asserts that while it filed a Petition to Open Default Judgment forty-five days after the entry of default judgment, the Petition was filed just four days after receiving Notice of the entry of judgment. *Id*. at 18, 21, 22, 24, 26. Castor claims that upon receiving the notice of default judgment, it hired counsel in Pennsylvania and took all necessary steps to open the judgment. *Id*. at 21, 25, 27-28; *see also id*. at 28 (arguing that it is the date Castor received Notice of the default judgment that is relevant to determining promptness of filing a petition to open). Castor further argues that it has a meritorious defense to Hotel Furniture's Complaint. *Id*. at 18, 32-36. Castor contends that most of the licenses and inspections violations were caused by Hotel Furniture's own acts, and that under the lease, Hotel Furniture would be responsible for all costs resulting from modifications to meet any applicable legal standards. *Id*. at 34-35.

Our standard of review is as follows:

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

> However, we will not hesitate to find an abuse of discretion if, after our own review of the case, we find that the equities clearly favored opening the judgment.
>
> An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation and brackets omitted).

Pennsylvania Rule of Civil Procedure 237.3(b) provides that "[i]f the petition [challenging the default judgment] is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b). However, where a petition to open a default judgment is not filed within ten days of its entry, "a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *US Bank N.A. v. Mallory*, 982 A.2d 986, 994-95 (Pa. Super. 2009). The moving party must meet all of these requirements to open a default judgment. *Id*. at 995.

With regard to the first prong, "[t]he law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely." *Kelly v. Siuma*, 34 A.3d 86, 92 (Pa. Super. 2011)

(citation omitted). "In cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month." *Id*. (citation omitted).

With regard to the second prong, "[w]hether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." *Myers*, 986 A.2d at 176 (citation omitted). "Excusable negligence must establish an oversight rather than a deliberate decision not to defend." *Seeger v. First Union Nat. Bank*, 836 A.2d 163, 167 (Pa. Super. 2003) (citation omitted); *see also Bahr v. Pasky*, 439 A.2d 174, 177 (Pa. Super. 1981) (stating that "[w]hile some mistakes will be excused, … mere carelessness will not be….").

With regard to the third prong, asserting a meritorious defense, the petitioner must aver facts that if proved at trial, would justify relief. *Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1209 (Pa. Super. 1993).

Here, the trial court found that, with regard to the first prong, the Petition to Open Default Judgment, filed forty-five days after the entry of default judgment, was not prompt. *See* Trial Court Opinion, 8/28/15, at 5-6; *see also Pappas v. Stefan*, 304 A.2d 143, 146 (Pa. 1973) (concluding that a fifty-five day delay was not prompt); *US Bank N.A.*, 982 A.2d at 995

- 7 -

(concluding that an eighty-two day delay was not prompt); *Schutte v. Valley Bargain Center, Inc.*, 375 A.2d 368, 371 (Pa. Super. 1977) (concluding that a forty-seven day delay in filing a petition to open was not prompt).[2]

Further, the trial court found that, with regard to the second prong, Castor did not provide a reasonable excuse for its failure to file a responsive pleading. *See* Trial Court Opinion, 8/28/15, at 6-7; *see also Myers*, 986 A.2d at 177-78 (concluding that a miscommunication of a duty to defend by the in-house counsel, where counsel was unaware of the registered owner of the property in question, did not constitute a reasonable excuse for defendant's failure to file a responsive pleading, warranting the opening of default judgment); *US Bank N.A.*, 982 A.2d at 996 (stating that appellant did not provide a reasonable excuse for failing to file a responsive pleading

---

[2] We note that Castor cites to *Alba v. Urology Assocs. of Kingston*, 598 A.2d 57, 58 (Pa. Super. 1991), for the proposition that when determining whether an appellant promptly filed a petition to open the default judgment, courts must look to the date that the party received notice of the entry of default judgment. Brief for Appellant at 28. Castor argues that it did not receive Notice of the default judgment until April 6, 2015, which made its April 10, 2015 Petition to Open Default Judgment timely. *Id*. However, the trial court found Castor's claim that it did not receive the Notice of default judgment until April 6, 2015, to be not credible. *See* Trial Court Opinion, 8/28/15, at 5-6. The trial court specifically found that Castor received Notice of the default judgment in February 2015. *See id*. at 6; *see also Alba*, 598 A.2d at 58 (concluding that the appellant received notice of the default judgment at the time the judgment was entered). We conclude that the trial court did not abuse its discretion in finding that Castor received Notice of the default judgment in February 2015. *See Smith*, 29 A.3d at 25.

where, despite numerous notices, appellant made a deliberate decision not to defend).

After a thorough review of the record, the briefs of the parties, and the applicable law, we agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis. *See* Trial Court Opinion, 8/28/15, at 5-7.[3]

As an addendum, we note that in light of its conclusion that Castor failed to meet the first two prongs of the test, the trial court did not specifically consider whether Castor had satisfied the third prong by pleading a meritorious defense to the allegations in Hotel Furniture's Complaint. We conclude that, even assuming Castor had pleaded a meritorious defense, the trial court properly denied its Petition to Open Default Judgment based upon Castor's failure to meet its burden as to the first two prongs. *See Myers*, 986 A.2d at 178 (concluding that even if the moving party presented a meritorious defense, the trial court did not abuse its discretion in denying the petition to open default judgment where the moving party failed to meet its burden as to the first two prongs); *US Bank*, 982 A.2d at 996-97 (affirming denial of petition to open default judgment where the trial court failed to analyze the meritorious defense prong based on the fact that the

---

[3] Upon our review, the cases cited by Castor to support its argument are unavailing based upon the fact that Castor, despite being a limited liability company with legal representation, took no action on Hotel Furniture's Complaint, and waited forty-five days to file the Petition to Open Default Judgment, without providing a reasonable excuse.

other prongs were not met). Thus, based upon the foregoing, the trial court did not abuse its discretion in denying Castor's Petition to Open Default Judgment.

In its second claim, Castor contends that the trial court erred as a matter of law in assessing damages against it. Brief for Appellant at 36. Castor argues that the award of damages is based upon speculation and is not supported by the record. *Id*. at 36, 37. Castor asserts that Hotel Furniture could not collect damages for being evicted from the premises as Hotel Furniture still maintains possession of the premises and continues to store inventory at the location. *Id*. at 37, 38-39, 42. Castor claims that the calculation of damages was based upon assumptions as to Hotel Furniture's income and expenses, which were not supported by the record. *Id*. at 37, 39-41. Castor further claims that the record evidence does not support an award of damages related to Hotel Furniture's move from the premises, the losses of inventory, the trash removal, and labor and fire watch. *Id*. at 42-46. Castor also contends that Hotel Furniture did not mitigate its losses by failing to move its business to a main thoroughfare or advertise the new location. *Id*. at 46-47.

Our standard of review is as follows:

The duty of assessing damages is within the province of the fact-finder and should not be interfered with by the court, unless it clearly appears that the amount awarded resulted from caprice, prejudice, partiality, corruption or some other improper influence. In reviewing the award of damages, the appellate courts should give deference to the decisions of the trier of fact

- 10 -

who is usually in a superior position to appraise and weigh the evidence. If the verdict bears a reasonable resemblance to the damages proven, we will not upset it merely because we might have awarded different damages.

The fact-finder must assess the worth of the testimony, by weighing the evidence and determining its credibility and by accepting or rejecting the estimates of the damages given by the witnesses.

*Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.*, 98 A.3d 645, 659-60 (Pa. Super. 2014) (citations, brackets, and quotation marks omitted); *see also Pollock v. Morelli*, 369 A.2d 458, 462 (Pa. Super. 1976) (stating that "where the tenant is deprived of the beneficial enjoyment of the premises, it has been held that damages can be awarded for losses which can be proved. … [T]he lessee may recover … for all losses which he can prove he has actually sustained[, and] damages has been liberally extended to include even well[-]established profits of the business[.]") (citations omitted).

Here, the trial court set forth the credible evidence presented at the damages hearing and found that Hotel Furniture sustained $375,388.24 in damages. *See* Trial Court Opinion, 8/28/15, at 8-9; *see also Hatwood v. Hosp. of the Univ. of Pennsylvania*, 55 A.3d 1229, 1240 (Pa. Super. 2012) (stating that the calculation of damages is a question of fact); *Empire Properties, Inc. v. Equireal, Inc.*, 674 A.2d 297, 304 (Pa. Super. 1996) (stating that in a breach of contract action, "[t]he purpose of damages is to put the plaintiff in the position he or she would have been in but for the

breach."). While Castor argues that the award of damages was speculative, the trial court did not abuse its discretion, as its findings are supported by the evidence of record. ***See Newman Dev. Grp. of Pottstown, LLC***, 98 A.3d at 659. We will not reweigh the evidence and, thus, affirm the award of damages based upon the reasoning set forth in the trial court's Opinion. ***See*** Trial Court Opinion, 8/28/15, at 8-9.[4]

In its third claim, Castor contends that the trial court erroneously found that Castor had waived its damages claims based upon a failure to file a motion for post-trial relief pursuant to Pennsylvania Rule of Civil Procedure 227.1. Brief for Appellant at 47-53. As we addressed Castor's damages claims above, we deny its third claim as moot.[5]

Order and Judgment affirmed.

---

[4] With regard to Castor's claim that Hotel Furniture had not been constructively evicted from the premises and thus was not entitled to damages, we note that such a claim is a liability issue, which had been resolved by the default judgment. Moreover, Castor's claim that Hotel Furniture failed to mitigate its losses is without merit. The fact that the new location, which was found on short notice, was smaller than the premises in question and was not on a main throughway did not evidence a failure to mitigate.

[5] We note that the issues raised by Castor on appeal are the same ones it argued during the damages hearing, *i.e.*, the damages requested by Hotel Furniture were speculative and not supported by evidence, that Hotel Furniture was still in possession of the premises, and that Hotel Furniture did not mitigate its damages. ***See*** N.T., 6/11/15, at 138-42; ***see generally Warfield v. Shermer***, 910 A.2d 734, 737 (Pa. Super. 2006) (stating that "[t]he purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review.") (citation omitted).

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Ott files a concurring and dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CIVIL**

| | | |
|---|---|---|
| HOTEL FURNITURE LIQUIDATORS OF PHILADELPHIA, INC., | : | December Term 2014 |
| | : | |
| Plaintiff, | : | No. 855 |
| v. | : | |
| CASTOR AVENUE PROPERTIES, LLC, | : | COMMERCE PROGRAM |
| Defendant. | : | |
| | : | 2377 EDA 2015 |
| | : | 2075 EDA 2015 |

**OPINION**

This opinion is submitted relative to two appeals taken by defendant Castor Avenue Properties, LLC from this court's order dated May 27, 2015 and docketed on May 28, 2015 denying defendant's petition to open default judgment and this court's entry of a finding on June 25, 2015 and docketed on June 26, 2015 assessing damages against defendant in the amount of $375,388.24. The instant action arises from a lease dispute between the parties. The tenant is plaintiff Hotel Furniture Liquidators of Philadelphia, Inc. (hereinafter "Tenant"). The landlord is defendant Castor Avenue Properties, LLC (hereinafter "Landlord"). On December 31, 2010, the tenant and landlord entered into a lease agreement for 50,000 square feet of rental space located at 2222-2230 Castor Avenue, Philadelphia, Pa. 19134. The property consisted of three separate rental units, the leased property and two other rental units. Paragraph 1 of the lease provided that tenant is permitted to use the leased premises for the purpose of warehouse storage and selling furniture and fixtures to other businesses and the public. Paragraph 2 of the lease provided as follows:

> Compliance with Law. Each party, its officers, employees, agents and servants, shall comply fully and promptly with all applicable laws.....

The lease was for a period of five (5) years, commencing on August 15, 2010 and expiring on October 31, 2015 with a five year option. On October 15, 2012, the City of Philadelphia commenced a lawsuit against landlord in the Court of Common Pleas of Philadelphia County under docket number October Term 2012 No. 1842 in code enforcement. The court found landlord in violation of the City of Philadelphia Code and Fire Code and stated the following:

> "The subject premises with existing Fire Code and other violations, poses a serious fire hazard, safety threat, and immediate serious danger to any occupants of the subject premises. The structure is therefore in a seriously dangerous condition due to inadequate maintenance, and may result in potential serious injury to persons occupying the subject building."

On March 17, 2014, the City of Philadelphia Department of Licenses and Inspections directed tenant to vacate the leased premises on four hours' notice. Tenant was ordered to remove all furniture and other items warehoused at the leased premises. Tenant leased vehicles to remove its inventory from the leased premises, employed personnel to remove the inventory and employed fire watch personnel from an outside professional security company trained in and devoted to fire watch services. Tenant vacated the premises with as much inventory as could be removed on short notice.

On May 1, 2014, tenant leased a facility which was much smaller than the leased property. The new space at 4343 Widacor Avenue in Philadelphia was 25, 000 square feet. As a result, tenant was forced to leave some of its inventory at the leased premises, discard some and donate some. Sixty percent of its inventory was dumped, donated or recycled. Forty percent was transported to the new space. The new space was not as visible or accessible as the leased property to the public and walk in traffic declined significantly.

2

On September 15, 2014, counsel for tenant notified landlord that it was in default of the lease for failing to comply with Philadelphia Code Ordinances. Tenant inquired into the status of its expected compliance with the ordinances as well as informed the landlord that it suffered damages for which it would seek reimbursement. On December 3, 2014, tenant filed the instant complaint against landlord alleging breach of lease, breach of implied covenant of quiet enjoyment and constructive eviction. According to the Affidavit of Service filed with the court, landlord was served with the complaint on December 24, 2014 by personal service at 203 Meserole Avenue, Brooklyn, New York. Landlord did not file an answer to the complaint or otherwise plead. On January 13, 2015, tenant served a ten day letter of notice to take a default for failing to answer or otherwise plead to the complaint to the same address where the complaint was served. Landlord once again did not answer or file a response. On February 24, 2015, tenant filed a praecipe to enter default judgment against landlord for failure to answer the complaint and a default judgment was entered against landlord. In the meantime, the court scheduled an assessment of damages hearing. Landlord's General Counsel received notice of the assessment and at that time contacted local counsel to file a petition to open the default judgment.

On April 10, 2015, landlord filed its petition to open the default judgment. On May 27, 2015, the court denied the petition to open the default judgment. On June 11, 2015, an assessment of damages hearing was held wherein testimony was presented and exhibits introduced. On June 25, 2015, the court entered a finding assessing damages against landlord and in favor of tenant in the amount of $375,388.24. Landlord appealed. On June 25, 2015, landlord filed an appeal of this court's order dated May 27, 2015 and docketed May 28, 2015 denying the petition to open the default judgment. On July 24, 2015, landlord filed an appeal of

3

this court's finding assessing damages against the landlord in the amount of $375,388.24 dated June 25, 2015 and docketed June 26, 2015. This opinion addresses the respective appeals.

## DISCUSSION

### I. The Petition to Open Default Judgment was Properly Denied.

It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.[1] A default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.[2] Moreover, a trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria.[3] In the case *sub judice*, landlord failed to meet the requisite criteria necessary to open the default judgment.

With regard to the first prong, whether the petition to open was timely filed, the law does not establish a specific time period within which a petition to open a judgment must be filed to

---

[1] *Myers v. Wells Fargo Bank, N.A.,* 986 A.2d 171, 175 (Pa. Super. 2009); *US Bank N.A. v. Mallory,* 982 A.2d 986, 994 (Pa.Super.2009).

[2] *McFarland v. Whitham,* 518 Pa. 496, 544 A.2d 929 (1988); *Seeger v. First Union National Bank,* 836 A.2d 163 (Pa.Super.2003). Where a petition to open is filed within ten days of the entry of judgment and is accompanied by a proposed answer offering a meritorious defense, the court shall open the judgment. *See Estate of Considine v. Wachovia Bank,* 966 A.2d 1148 (Pa.Super.2009). In the case *sub judice,* there is no dispute that landlord failed to file its petition to open within ten days of the entry of judgment.

[3] *Myers v. Wells Fargo Bank, N.A.,* 986 A.2d 171, 175-76 (Pa. Super. 2009).

4

qualify as timeliness. Instead, the court considers the length of time between discovery of the entry of the default judgment and the reason for delay. In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month.[4]

Here, default judgment was entered against the landlord on February 23, 2015. Notice of the entry of default judgment was sent on the same date by the court per Pa. R. Civ. P. 236. Landlord filed its petition to open default judgment on April 10, 2015; forty five days after entry of judgment. Landlord acknowledged that the notice of entry of default was entered on February 23, 2015 but avers in the affidavit of its agent, General Counsel, that it never received any other documents from the court until April 6, 2015.[5] Landlord became aware of the default judgment on April 6, 2015 when it received the court's notice scheduling a damages hearing for April 9, 2015.[6] The mailbox rule provides that "depositing in the post office a properly addressed, prepaid letter raises a natural presumption, founded in common experience, that it reached its destination by due course of mail."[7] As the Pennsylvania Supreme Court noted: "The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees."[8] Evidence that a letter has been mailed is sufficient to permit a jury to find that the letter was in fact received by the party to whom it was

---

[4] *See Duckson v. Wee Wheelers, Inc.,* 423 Pa.Super. 251, 620 A.2d 1206 (1993) (one day is timely); *Alba v. Urology Associates of Kingston,* 409 Pa.Super. 406, 598 A.2d 57 (1991) (fourteen days is timely); *Fink v. General Accident Ins. Co.,* 406 Pa.Super. 294, 594 A.2d 345 (1991) (period of five days is timely).

[5] Affidavit of General Counsel ¶10 attached as Exhibit "B" to landlord's petition to open default judgment.

[6] Id.

[7] *Jensen v. McCorkell,* 154 Pa. 323, 325, 26 A. 366, 367 (Pa.1893) (citation omitted).

[8] *Meierdierck v. Miller,* 394 Pa. 484, 487, 147 A.2d 406, 408 (Pa.1959).

5

addressed.[9] Here, the docket entries for this matter evidence that the notice of entry of judgment was mailed by the court on February 25, 2015 to landlord to the same address in which the complaint was served.[10] As such, this court finds that the notice of entry of default judgment was received by landlord sometime in February, 2015. Since landlord did not file its petition to open default judgment until April 10, 2015, forty five days after the entry of default judgement, the court finds that the filing of the petition to open judgment was not prompt. [11]

With regard to the second prong, whether an excuse is legitimate depends upon the specific circumstances of the case. The question is usually addressed in the context of an excuse for failure to respond to the original complaint in a timely fashion.[12] Here, landlord lays blame on its New York General Counsel for its failure to timely answer the complaint. According to General Counsel's affidavit, landlord believed that she was handling the matter for them or had obtained Pennsylvania counsel to defend the action. [13] General Counsel claims not to have known of the landlord's entity known as Castor Avenue Properties, LLC, the defendant in the instant action, when she received the complaint and passed it on to other tenants in the building occupied by landlord, her employer. General Counsel's excuse of not recognizing the legal entity sued as one belonging to her client is not reasonable. General Counsel simply had to review the complaint to discover that her client was identified as the landlord, the individual to

---

[9] *Shafer v. A. I. T. S., Inc.*, 285 Pa.Super. 490, 428 A.2d 152, 156 (1981) (citations omitted).

[10] Landlord does not dispute having received the complaint at the same address.

[11] Courts have held that delays of less than forty-one days have been untimely. See *B.C.Y. Inc. Equipment Leasing Assoc. v. Bukovich*, 257 Pa. Super. 121, 390 A.2d 276, 278 (Pa. Super. 1978)(twenty-one day delay is not prompt); *Hatgimisios v. Dave's N.E. Mint, Inc.*, 251 Pa. Super. 275, 380 A.2d 485, 485 (Pa. Super. 1977)(thirty-seven day delay is not prompt).

[12] *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009).

[13] Affidavit of General Counsel ¶9 attached as Exhibit "B" to landlord's petition to open default judgment.

whom notice was to be sent and the address where the notice was to be served was the building

owned by her client.[14] General Counsel, hired to handle real estate matters, never questioned

landlord as to the identity of the entity nor contacted tenant's counsel. According to General

Counsel's affidavit, landlord had knowledge of the lawsuit since it thought General Counsel was

handling the situation. Landlord was provided with plenty of opportunities to discover the

existence of this lawsuit beginning with tenant counsel's September 15, 2014 letter providing

landlord with notice of an impending suit for damages; the complaint and the ten day letter of

impending default judgment. There is no reasonable excuse for the failure of landlord to file an

answer or otherwise plead. Although, the power to open a default judgment entered as a result of

a mistake or oversight by counsel may be exercised when a reasonable excuse is offered, here a

reasonable excuse has not been offered. [15] Consequently, since landlord failed to satisfy two of

the three requirements necessary to open the default judgment, this court properly denied the

petition to open default judgment. Therefore, this court's May 27, 2015 order should be

affirmed.

**II.      Landlord failed to file Post-Trial Motions of this court's Finding dated June 25, 2015 and therefore waived its right to appeal.**

Pursuant to Pa. R. Civ. P. 227.1, a party must file post-trial motions at the conclusion of a

trial in any type of action in order to preserve claims that the party wishes to raise on appeal. In

other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in

equity, simply cannot become final for purposes of filing an appeal until the court decides any

---

[14] Lease Agreement attached to the Complaint as Exhibit "A" ¶ 16.

[15] An attorney's dilatoriness, failure to act with knowledge of the implications, or deliberate decision not to defend are inadequate reasons for his or her failure to answer a complaint. Clerical oversight or the misplacement of papers through no fault of the attorney that results in a failure to file a timely answer are reasonable excuses. See *Shainline v. Alberti Builders, Inc.,* 266 Pa. Super. 129, 403 A.2d 577 (1979).

7

timely post-trial motions.[16] Pa. R. C. P. 227.1(c) requires the filing of post-trial motions "within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision in the case of a trial without jury." Pennsylvania Rule of Appellate Procedure 302(a) states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."

The Supreme Court of Pennsylvania in *Newman Development Group of Pottstown v. Genuardi's Family Markets, Inc.,* 617 Pa. 265, 52 A.3d 1233 (2012) while recognizing that not all court proceedings constitute "trials" for the purpose of Pa. R.C.P. No. 227.1, nevertheless signaled that a hearing that bears the hallmarks of a trial by requiring or admitting evidence does constitute a "trial" for the purposes of Pa. R.C.P. No. 227.1. Here, after entry of the default judgment by praecipe, the court scheduled an assessment of damages hearing. At the hearing, the parties, presented testimony, introduced exhibits and cross examined witnesses. After the presentation by the parties, the court issued a finding assessing damages in favor of the tenant. Landlord appealed the court's finding without filing post-trial motions as required by the rules. As such, in accordance with Pa. R. Civ. P. 227.1 and *Newman,* landlord waived its right to raise any issues concerning the Finding on appeal and therefore the appeal should be quashed.

### III.    The Court's finding assessing damages against the landlord was proper.

In the event the Court finds that landlord did not waive any issues on appeal regarding the Finding, the Finding entered on June 25, 2015 and docketed June 26, 2015 assessing damages against the landlord in the amount of $375,388.24 was properly entered and based on the record evidence presented. During the hearing, an officer of tenant testified that in 2013 its net profit

---

[16] *City of Philadelphia v. New Life Evangelistic Church,* 114 A.3d 472, 477 (Pa. Commw. Ct. 2015).

after unusual expenses was $214,251.00. The officer further testified that prior to the cease and desist order, the first three months of 2014 showed an upward trend in sales. For instance, in January 2014 the growth was 19,151.00, representing a percentage change of 38% from 2013, in February 2014 the growth was $19,162.00, representing a percentage change of 24.17% and in March 2014 the growth was $2,805.00, representing a percentage change of 12%. [17] The officer testified that in April 2014, tenant recorded no sales since it was looking for space to lease and that from May to December 2014, losses were recorded. The losses were attributed to the reduced space available for plaintiff to house inventory as well as the location of the new rental space. The new space leased was one half the space previously leased and was not visible to the public despite tenant's efforts to draw attention to itself. The accountant's testimony was consistent with the testimony of the officer. Based on the testimonial evidence, which the court found credible and the exhibits, the court found that tenant was entitled to an assessment of damages for lost profits for the year 2014[18] in the amount of $265,671.24.[19]

Tenant's officer further testified to the expenses incurred as a result of the move. Tenant's officer testified that it incurred $109,717 in expenses for the move. The expenses were itemized as follows: donated furniture $37, 240; losses on inventory sold on recycling $34,706; moving and storage expenses $7,544, trash removal $3,707 and labor and fire watch costs $26,520. Based on the forgoing, the court found that tenant was entitled to $265,671.24 in lost profits and $109,717 in expenses associated from the move.

---

[17] Tenant's Exhibit P-5 tab A identified the growth as $99,934.00 for March 2014. However, the officer of tenant testified that $89,809 should not be included in the growth calculation since this sum was unrelated to the sales of tenant but another business. As such said amount was deducted from the Loss or Growth column and the % Change column was also revised based on the reduction in the Loss or Growth column.

[18] Although tenant requested loss profits for 2015, the court found said damages to be speculative.

[19] This figure represents the 2013 net profit after expenses $214,251 + the average percent change for January 2014, February 2014 and March 2014 which is 25%.

9

The court further found that tenant was not entitled to recover attorney fees since it failed to provide a basis for same. The attorney fees requested derive from fees associated with counsel's representation of tenant in this action and not as an expense incurred during the lease period. Under the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.[20] The applicable lease did not contain any provision regarding the payment of attorney fees, nor does tenant direct this court to any statutory authority to support its request. Tenant relied upon a non-binding trial court opinion in *3000 B.C. v. Bowman Properties Ltd*, 2008 WL 5544414 (2008) for an award of attorney fees. Although, the court in *3000 B.C.* did award attorney fees, there was no discussion as to basis for the attorney fees; contract or statutory provision. This court elected not to follow *3000 B.C.* as it pertained to the award of attorney's fees.

For the foregoing reasons, this court's order dated May 27, 2015 denying landlord's petition to open judgment and Finding dated June 26, 2015 assessing damages in favor of tenant and against landlord for the sum of $375,388.24 should be affirmed.

Date: 8/28/2015

BY THE COURT,

PATRICIA A. McINERNEY, J.

---

[20] *Trizechahn Gateway LLC v. Titus*, 601 Pa. 637, 652, 976 A.2d 474, 482-83 (2009), citing *Mosaica Charter Sch. v. Commonwealth, Dep't of Educ.*, 572 Pa. 191, 206–07, 813 A.2d 813, 822 (2002).